UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREA MITZEL,

          Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]

          Defendant.

CASE NO. 3:16-cv-05621 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed (*see* Dkt. 9, 10, 11).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

After considering and reviewing the record, the Court concludes that the ALJ did not commit harmful legal error when evaluating plaintiff's allegations and testimony. It is true that once a claimant demonstrates the existence of an impairment an ALJ may not fail to credit fully the claimant's allegations of limitations based on a lack of objective medical evidence. However, such reasoning is distinct from a finding that a claimant's allegations are inconsistent with or are contradicted by the medical record.

Here, plaintiff's allegation of disabling pain rendering her unable to walk more than 15 minutes is inconsistent with the recommendation from her physician that she continue with walking and exercise. This allegation also is inconsistent with the observation of plaintiff's physician that she walked without evidence of pain. Similarly, plaintiff's allegations of shoulder pain and reaching limitations are contradicted by the observation from her physician that she moved her upper extremities without any limitation and that moving her shoulders was painless.

Although the ALJ uses the term "credibility"[2], this is not a determination of whether or not plaintiff is a truthful person, but is a determination of whether her allegations regarding her limitations should be accommodated fully when making a determination of the extent of her limitations and the timing of them. Some of the allegations that the ALJ failed to credit fully were reported by plaintiff in 2013, and may have accurately reflected her contemporaneous experience at that time. However, in the

---

[2] Although not binding on the ALJ herein based on the date of the ALJ's decision, the Court notes that the Administration recently clarified that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3P, 2016 WL 111-9029, 2016 SSR LEXIS 4 at *1 (effective March 16, 2016).

decision being reviewed by the Court, the ALJ found that the alleged limitations did not exist prior to December 31, 2010 -- the date last insured. That finding is based on substantial evidence in the record as a whole, as discussed more thoroughly herein.

Therefore, as plaintiff needs to establish disability on or before December 31, 2010 in order to be entitled to a period of disability and disability insurance benefits, and as the ALJ's finding that she was not under a disability at any time from her alleged onset date through December 31, 2010 is supported by substantial evidence, the Court concludes that this matter shall be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, ANDREA MITZEL, was born in 1971 and was 38 years old on the alleged date of disability onset of September 1, 2010 (*see* AR. 133-34). Plaintiff completed the tenth grade in high school and has not obtained her GED (AR. 33). Plaintiff has work experience as a secretary/office administrator and waitress (AR. 33-38). However, plaintiff's last job as a secretary was very difficult for her, as she found it difficult to sit for long periods of time (*see* AR. 34).

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "cervical degenerative disc disease; mild lumbar degenerative disc disease; and mild tendinopathy of the left shoulder (20 CFR 404.1520(c))" (AR. 14).

At the time of the hearing, plaintiff was living with her husband and 9-year-old son (AR. 39-40).

//

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 56-61, 63-69). Plaintiff's requested hearing was held before Administrative Law Judge Michael C. Blanton ("the ALJ") on September 18, 2014 (*see* AR. 27-54). On January 9, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 9-26).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ erred by failing to credit fully plaintiff's allegations and testimony; and (2) The ALJ's errors were not harmless (*see* Dkt. 9, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) The ALJ erred by failing to credit fully plaintiff's allegations and testimony.**

Plaintiff contends that the ALJ erred by failing to credit fully her testimony and allegations regarding her limitations. Defendant contends that there is no harmful error.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (citing *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Id*. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*,

694 F.2d at 642 (citing *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

The determination of whether to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (citing *Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell*, 947 F.2d at 343, 346-47 (citing *Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-*13 (this Ruling emphasizes that the Administration "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").

Although an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell*, *supra*, 947 F.2d at 343, 346-47 (citing *Cotton, supra*, 799 F.2d at 1407), an ALJ may discredit a claimant's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995). Plaintiff

basically replies to all of defendant's arguments with the argument that an ALJ cannot reject a claimant's subjective complaints solely by relying "on the lack of objective medical findings . . . ." (*see, e.g.*, Dkt. 14, p. 3). However, in doing so, plaintiff misapprehends the difference between the rule that the Administration "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence *does not substantiate the degree of impairment-related symptoms alleged by the individual*," and a finding by an ALJ that a claimant's allegations are *inconsistent with* or *contradicted by* objective findings or medical opinions in the record. SSR 16-3p, 2016 SSR LEXIS 4 at *12-*13, compare *ibid.* with *Johnson,* 60 F.3d at 1434 (emphasis added).  A finding that the degree of alleged limitations is not substantiated by the record is different from a finding that it is inconsistent with the record, although it is not necessarily the words used by the ALJ that are dispositive, and the Court should look to the specific examples cited by the ALJ to determine the ALJ's reasoning. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("Magic words" on the part of an ALJ are not required); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)) (In evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints'"). Here, as discussed more below, the ALJ clearly cites examples from the medical evidence demonstrating inconsistency and contradictions with plaintiff's allegations.

In *Johnson*, when concluding that an ALJ offered clear and convincing reasons for declining to rely on a claimant's testimony pertaining to levels of pain, the Ninth Circuit reasoned in part as follows:

> The ALJ also identified several contradictions between claimant's testimony and the relevant medical evidence and cited several instances of contradictions within the claimant's own testimony. We will not reverse credibility determinations of an ALJ based on contradictory or ambiguous evidence. (*Internal citation to Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir. 1984)).
>
> In addition to the inconsistencies within claimant's testimony, the ALJ noted the absence of medical treatment for claimant's back problem between 1983 and October 23, 1986, suggesting that if the claimant had actually been suffering from the debilitating pain she claimed she had, she would have sought medical treatment during that time.

*Johnson,* 60 F.3d at 1434; *see also Smolen, supra*, 80 F.3d at 1284 (an ALJ may consider "unexplained or inadequately explained failure to seek treatment . . . .") (citations and footnote omitted). Here, two of the rationales present in *Johnson* were provided by the ALJ: inconsistency with the medical record and an unexplained failure to seek treatment.

First, regarding inconsistency with the medical record, the ALJ noted that despite plaintiff's "complaints of back and left leg pain, as well as 'some neck symptoms,'" Dr. Michael Martin, M.D., "reported intact motor strength in the hip flexors, quadriceps, hamstrings, and all other muscles of the lower extremity . . . . [and] also noted the claimant had intact muscle strength in all upper extremity muscles, including the shoulder and grip" and had intact sensation (AR. 17 (citing AR. 365)). The ALJ noted that despite the fact that plaintiff "appeared to walk with an antalgic gait that favored the left hip, Dr. Martin noted that she had 'painless passive range of motion of the hips'" (*id.* (citing AR.

366)). Two paragraphs previous to this discussion of Dr. Martin's treatment report, the ALJ noted that plaintiff alleged that she suffered from "difficulties sitting, standing, or walking 'for more than 15 minutes'" (AR. 16-17 (citing AR. 194)). When discussing Dr. Martin's treatment report, the ALJ noted that despite plaintiff's "assertion of debilitating symptoms and limitations, Dr. Martin 'encouraged her to remain as active as possible with her walking and exercise program'" (AR. 17 (citing AR. 365)). Some of this discussion can be interpreted as the lack of substantiation for the alleged degree of limitation from the objective medical evidence. However, the ALJ's finding that plaintiff's allegations of disabling pain and inability to sit, stand, or walk for more than 15 minutes are inconsistent with Dr. Martin's encouragement to remain as active as possible with her walking and exercise program is a finding based on substantial evidence in the record as a whole.

The ALJ also noted that medical evidence after this December 2, 2010 report "is also incongruent with the claimant's allegations of debilitating back pain" (AR. 17). The ALJ specified that in "contrast to the claimant's assertion that she is unable to walk 'for more than 15 minutes,' a January 2011 report from Dr. Martin indicated the claimant walked without any myelopathy or antalgia" (*id.* (citing AR. 194, 364)). This observation by the doctor demonstrates a contradiction between plaintiff's allegations of disabling back pain preventing walking for more than 15 minutes and the fact that she walked without demonstrating antalgia, suggesting that she was walking without pain. Again, this is not the ALJ requiring objective evidence to substantiate *the level of alleged pain*: instead, it is a demonstrated inconsistency wherein plaintiff's allegations of disabling

pain rendering her unable to walk more than 15 minutes is contrasted with observation from her doctor that she walked without evidence of *any pain* (*see* AR. 364 ("She walks without myelopathy or antalgia")).

Similarly, the ALJ noted that despite plaintiff's "allegation of shoulder pain, inspection revealed 'full active range of motion of the shoulders, which is painless'" (AR. 18 (citing AR. 364)). Again, in contrast to being a requirement that the objective medical evidence substantiate the degree of alleged pain, instead ALJ notes that the record demonstrates that plaintiff's "full active range of motion of the shoulders [was] painless," in direct contradiction to her allegations of shoulder pain (AR. 364). Similarly, the ALJ noted that despite plaintiff's allegation of difficulties reaching, an examining clinician noted in February, 2011 that plaintiff "moves her upper extremities without any limitations" (AR. 18 (citing AR. 362); *see also* AR. 199). Again, in contrast to requiring objective evidence to demonstrate the degree of limitation, the ALJ is noting that the record demonstrates no limitation in an area where plaintiff alleges difficulties.

Although the ALJ notes that "subsequent reports, completed in May and June 2012, indicate the claimant's neck pain and functioning worsened . . . ." which could explain plaintiff's allegations of limitations that she was experiencing in 2013 (*see* AR. 194-201), these inconsistencies delineated by the ALJ are clear and convincing reasons for the ALJ's failure to credit plaintiff's allegations of limitations as existing prior to December 31, 2010. Plaintiff's allegations of limitations reported in 2013 may have been consistent with what she was experiencing in 2013, but, the ALJ's job was to determine if plaintiff was disabled prior to her date last insured, December 31, 2010 (*see* AR. 12). The

ALJ found that plaintiff was not disabled "from September 1, 2010, the alleged onset date, through December 31, 2010, the date last insured" (AR. 21) (citation omitted). Based on the record as a whole, the Court concludes that this finding is based on substantial evidence in the record as a whole.

Furthermore, the Court notes that regarding the establishment of a disability, it is the claimant's burden to "'furnish[] such medical and other evidence of the existence thereof as the Secretary may require.'" *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (quoting 42 U.S.C. § 423(d)(5)(A)) (citing *Mathews v. Eldridge*, 424 U.S. 319, 336 (1976)) (footnote omitted). In this matter, plaintiff failed to provide evidence demonstrating the existence of a disability during the relevant period of time, that is, prior to December 31, 2010.

In addition, even if the ALJ's rationale could be viewed as requiring substantiation from the objective medical evidence as opposed to finding inconsistency with the objective medical evidence, this is not the only reason offered by the ALJ for the failure to credit fully plaintiff's allegations and testimony as they relate to the relevant period of time. As previously alluded to, the ALJ found that "the record evidence contains only minimal treatment reports prior to the date last insured," December 31, 2010, noting that in order to be eligible for Title II benefits, plaintiff had to prove that she was disabled prior to her date last insured (AR. 17). The ALJ specified that "the record contains a November 2008 radiographic report indicating degenerative changes in the lumbar spine, [however], the claimant did not seek further medical evaluation until December 2, 2010 . . . ." (*id.*) (citation omitted). It is clear that part of the ALJ's reasoning for failing to

credit fully plaintiff's allegations is that if plaintiff was suffering from disabling pain and limitations as of September 1, 2010, as alleged, she would have sought medical evaluation prior to December 2, 2010 (*see id.*; *see also* AR. 12, 16-17). This is a logical inference based on the record. In addition, inferring that if plaintiff was suffering from debilitating pain that she would have sought medical intervention is distinct reasoning from finding that the objective medical evidence does not substantiate the level of alleged limitations. Plaintiff's failure to seek medical attention sooner is not objective medical evidence, but is a notation of her actions and a reflection of her subjective state of pain.

This rationale is supported by substantial evidence in the record as a whole and also further buttresses the ALJ's failure to credit fully plaintiff's allegations and testimony. When determining to what extent to credit a claimant's allegations, an ALJ may consider an "unexplained or inadequately explained failure to seek treatment . . . ." *Smolen, supra*, 80 F.3d at 1284 (citations and footnote omitted); *see also Johnson,* 60 F.3d at 1434.

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ offered clear and convincing reasons for failing to credit fully plaintiff's allegations and testimony as they relate to her limitations prior to December 31, 2010.

**(2)     Whether or not the ALJ's errors were harmless.**

Because the Court has concluded that the ALJ did not err when evaluating plaintiff's allegations and testimony, the Court need not evaluate the question of whether the alleged error in evaluating plaintiff's allegations and testimony is harmless or not.

//

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 1st day of February, 2017.

J. Richard Creatura
United States Magistrate Judge